# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Ashton M. Howard, | ) |
|     Plaintiff, | ) Civil Action No.: 2:21-561-RMG |
| v. | ) |
| | ) **ORDER AND OPINION** |
| Murrells Inlet Outpost, LLC, Wraps Ink Incorporated, and Ned Campbell, | ) |
|     Defendants. | ) |

Before the Court is Defendant Wraps Ink, Incorporated ("Wraps")'s motion to dismiss (Dkt. No. 45). For the reasons set forth below, the motion is denied.

## I.   Background

Plaintiff Ashton M. Howard filed an action against Defendants Murrels Inlet Outpost, LLC and Ned Campbell (collectively "Outpost"), and Wraps for copyright infringement. In his complaint, Howard alleges that Wraps reproduced one of Howard's paintings entitled "Blue Wahoo" onto a boat wrap. In its answer and first amended crossclaim, Outpost alleges it showed Wraps a picture of a wahoo as an example of what it wanted, and that Wraps found the artwork. (Dkt. No. 37 at 7). Outpost brings a crossclaim against Wraps pursuant to S.C. Code Ann. § 36-2-312 for breach of warranty of title.

On June 16, 2021, Wraps moved to dismiss Outpost's crossclaim. (Dkt. No. 45). Outpost opposes. (Dkt. No. 50).

Wraps' motion is fully briefed and ripe for disposition.

## II. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." A claim survives the motion if the complaint provides enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This is a test of the legal sufficiency of the complaint and, therefore, Rule 12(b)(6) "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Instead, the district court's "inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). For that analysis, the district court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments"; however, it must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

## III. Discussion

In pertinent part, S.C. Code Ann. § 36-2-312 states:

(1) Subject to subsection (2) there is in a contract for sale a warranty by the seller that

> (a) the title conveyed shall be good, and its transfer rightful; and
> (b) the goods shall be delivered free from any security interest or other lien or encumbrance of which the buyer at the time of contracting has no knowledge.

. . .

> (3) Unless otherwise agreed a seller who is a merchant regularly dealing in goods of the kind warrants that the goods *shall be delivered free of the rightful claim of any third person by way of infringement or the like but a buyer who furnishes specifications to the seller must hold the seller harmless* against any such claim which arises out of compliance with the specifications.

(Emphasis added).

Wraps argues that, assuming § 312 even applies to copyright, Outpost's claim fails because "goods made to order are not subject to such a warranty." (Dkt. No. 45-1 at 3-4).

The Court denies Wraps' motion. Assuming § 312 applies to copyright, questions of fact remain as to whether Outpost "furnishe[d] specifications" to Wraps. Outpost alleges that it "provided a copy of art *but did not specify that it be used*, rather stating that something similar to it would be appropriate for a wrap for the boat." (Dkt. No. 37 at 7) (emphasis added); (*Id.*) (alleging that Outpost provided Wraps a "one-page picture of a swimming blue wahoo . . . as the preferred subject for boat wrap" and that Wraps then spent "several months working with the art work, stat[ing] it found appropriate artwork"). Given these allegations, which the Court assumes are true in deciding Wraps' motion to dismiss, it is not clear that Outpost provided Wraps "specifications[1]" as opposed to an example of a design it generally sought.

---

[1] *See* SPECIFICATION, Black's Law Dictionary (11th ed. 2019) ("The act of making a *detailed statement*, esp. of the measurements, quality, materials, or other items to be provided under a contract.") (emphasis added).

## IV. Conclusion

For the foregoing reasons, Wraps' motion to dismiss (Dkt. No. 45) is **DENIED.**

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel<br>Richard Mark Gergel<br>United States District Judge

July 1, 2021
Charleston, South Carolina